ALICE M. BATCHELDER, Circuit Judge,
concurring in the result.
I concur in the result, but I write separately to explain that Officer Viviano is entitled to qualified immunity because the facts, taken in the light most favorable to Plaintiff Shannon Roth, demonstrate that he was acting as a medical responder and the right to be free of unreasonable seizure by a medical responder was not clearly established at the time of this incident.
In my view, Roth has not shown that the facts in dispute are material to the issue of whether Viviano acted as a medical responder or law enforcement officer. McKenna v. Edgell, 617 F.3d 432 (6th Cir. 2010), discusses several factors that help a court to differentiate a medical responder from a law enforcement officer in these circumstances. Applying McKenna to the Roth’s portrayal of the facts demonstrates that, although Roth takes umbrage at Vivi-ano’s tone and mannerisms, Viviano was acting as a medical responder. Roth has presented no evidence that handcuffing a person, who is experiencing a seizure and presents a risk of harming herself, face-down with her hands behind her back indicates that Viviano was acting as a law enforcement officer rather than as a medical responder (however objectionable such conduct may seem in these circumstances). Therefore, because Viviano was acting as a medical responder — and the right to be free of unreasonable seizure by a medical responder was not clearly established at the time of the incident — Viviano is entitled to qualified immunity.